UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA DENEEN BURNEY,

    Plaintiff,

v.                                                        Case No. 1:09-cv-303
                                                         Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                              /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on January 25, 1971 (AR 84).[1] She completed a GED (AR 119). She alleged a disability onset date of May 26, 2004 (AR 84). Plaintiff had previous employment as a factory worker, spot welder, musical instrument adjuster, assembler, janitor and packager at a baking company (AR 93-101, 103, 281). Plaintiff identified her disabling condition as low back pain with right radiculopathy, which prevents her from performing physical work and standing on the job longer than two hours (AR 114-15). Plaintiff testified that this disabling condition resulted from an epidural injection during a caesarian delivery (AR 18, 253). On March 19, 2008, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR

---

[1] Citations to the administrative record will be referenced as (AR "page #").

13-23). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 26, 2004 (AR 15). The ALJ also found that plaintiff met the insured status requirements of the Social Security Act through March 31, 2009 (AR 15). At step two, the ALJ found that plaintiff suffered from severe impairments of: "depression; obesity (61" and weight of 179 pounds); and low back pain" (AR 15). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 15).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform less than the full range light work with the following limitations:

> The claimant can lift and/or carry no more than twenty pounds occasionally, and lift and/or carry a maximum of 10 pounds frequently; stand and/or walk no more than an aggregate of six hours during an 8-hour day; and sit up to six hours during an 8-hour day. The claimant is limited to occasional climbing, bending, balancing, stooping, kneeling, crouching, and crawling. The claimant is limited to work that involves tasks that can be learned in less than 30 days with no more than simple work-related decisions. She is limited to work that requires only few changes in the work place; no interaction with the public; and only occasional interaction with co-workers and supervisors.

(AR 17). The ALJ also found that plaintiff was unable to perform her past relevant work (AR 21).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of jobs in the national economy (AR 22-23). Specifically, plaintiff could perform approximately

30,000 manufacturing positions (assembler, sorter, grader and checker) and 35,000 general office positions (filing and copy clerks) (AR 22-23). Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act for purposes of DIB or SSI (AR 23).

**III. ANALYSIS**

Plaintiff has raised two issues on appeal:

**A. Substantial evidence does not support the ALJ's determination essentially to provide no weight to the opinion of Rhonda Mejeur, M.D., plaintiff's treating primary care doctor.**

Plaintiff contends that the ALJ erred by giving no weight to Dr. Rhonda Mejeur's opinions regarding plaintiff's ability to perform work related activities. Dr. Mejeur was plaintiff's primary care doctor.

As an initial matter, the ALJ observed that plaintiff had received only sporadic treatment from her primary care physician since May 2004 (AR 18). The ALJ noted that while plaintiff visited Dr. Mejeur in October and November 2004, the doctor examined plaintiff only three times in 2005, once in 2006 and twice in 2007 (AR 18). Despite this sporadic treatment, Dr. Mejeur rendered opinions regarding plaintiff's condition in 2005 and 2007.

In a medical needs form addressed to the Family Independence Agency, dated March 2005,[2] the doctor diagnosed plaintiff with low back pain and right LE [lower extremity] radiculopathy (AR 231). The doctor also stated that plaintiff could not work at her usual occupation, or "at any job" for six months (AR 231). Then, in December 2007, Dr. Mejeur prepared a medical examination report for the Michigan Department of Human Services, stating that plaintiff was stable but permanently disabled due to a history of low back pain, right lower extremity weakness,

---

[2] The date is unclear due to the poor quality of the copy.

radiculopathy since the epidural in 2004 and current diagnoses of "depression remission, heavy periods" (AR 202-03). Dr. Mejeur determined that plaintiff could lift nothing more than 10 pounds occasionally, stand and/or walk less than 2 hours in an 8-hour workday, sit less than 6 hours in an 8-hour workday and could not operate any foot/leg controls (AR 203). However, plaintiff did not need an assistive device to ambulate and had no mental limitations (AR 203). The doctor further observed that plaintiff could not meet her needs in the home, noting that plaintiff's fiance assists or does the driving, shopping, laundry and house cleaning (AR 203).

After summarizing plaintiff's treatment history with Dr. Mejeur, the ALJ found the doctor's opinions to be unsupported by the medical evidence:

> As for the opinion evidence, the undersigned gives no controlling weight to the claimant's treating primary care physician because her opinions (which were originally incredulous) are wholly unsupported by any clinical observations or positive test results. The physician's willingness to prescribe narcotics over such an extended period of time without any positive signs further erodes the doctor's credibility.

(AR 18, 20-21). Plaintiff contends that the ALJ incorrectly stated that Dr. Mejeur's first opinion was "incredulous," and incorrectly stated that both opinions were "wholly unsupported by any clinical observations or positive test results." She maintains the ALJ also failed to explain how the opinions became more plausible (i.e., from "incredulous" to "wholly unsupported") by clinical observations or test results.

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating a Social Security claimant's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner

finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). An ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). The opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

Viewing the ALJ's decision as a whole, the court concludes that he articulated good reasons for not crediting Dr. Mejeur's opinions. Dr. Mejeur examined plaintiff three times between the disability onset date of May 26, 2004 and issuing the extremely restrictive opinion in March 2005. The ALJ's decision traced plaintiff's treatment with Dr. Mejeur (and the other physicians in that practice), noting the absence of clinical observations or test results that would lead to the conclusion that plaintiff was unable to work at any job for six months as of March 2005, or subsequently that plaintiff was permanently disabled as of December 2007. In response, plaintiff does not identify any clinical observations or test results to dispute the ALJ's determination. The ALJ has articulated good reasons for not crediting Dr. Mejeur's opinions.

Furthermore, although Dr. Mejeur was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was unable to work. *See* 20 C.F.R. § 404.1527(e)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled' ). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984). For these reasons, plaintiff's claim of error should be denied on this issue.

> **B. Substantial evidence does not support the ALJ's determination essentially to provide no weight to the opinion of Dr. Greenbaum concerning plaintiff's psychological limitations.**

Plaintiff contends that the ALJ erred when he failed to give any weight to the opinions expressed by examining psychologist Irwin L. Greenbaum, Ph.D. in his January 2008 psychological evaluation and medical assessment of ability to do work-related activities (mental). (AR 234-44). Dr. Greenbaum commenced his evaluation of plaintiff by setting forth her rather extensive "history of significant chronic pain and physical limitations dating back to May of 2004 when she was administered an epidermal when she had her C-section" (AR 234). The doctor then observed that plaintiff had a history of depression dating back to about 1998 (some six years before her alleged disability onset date) when she was briefly treated with an antidepressant (AR 234). The doctor noted that plaintiff also attempted suicide in 2002 "by taking pills and drinking a bottle of Nightquil [sic]" (AR 234). Yet, despite these initial episodes of depression, plaintiff was able to maintain significant gainful employment "until the onset of her physical limitations" in May of

8

2004, which included pain and "exacerbation of her depressive symptoms" (AR 234). In his summary, Dr. Greenbaum concluded that plaintiff was disabled due to the combination of her physical and mental impairments, i.e., "Given the severity and refractory nature of Ms. Burney's medical and psychiatric impairments she is not viewed as capable of engaging in meaningful employment at this time or in the foreseeable future" (AR 238). The ALJ did not give controlling weight to Dr. Greenbaum's evaluation and medical source statement because Dr. Greenbaum only examined her one time, and his opinion regarding her impairments was "based on the claimant's credibility about her back" (AR 21).

Ultimately, the ALJ based plaintiff's mental RFC on the findings as set forth in the March 2006 psychiatric review technique form and mental RFC assessment prepared by the state agency consulting psychologist, William Schirado, Ph.D. (AR 21, 182-99). Dr. Schirrado reviewed plaintiff's medical records (including those reflecting her condition after the May 2004 exacerbation of her mental condition) (AR 194). The doctor noted that plaintiff had some limitations finding her "markedly limited" in the ability to carry out detailed instructions and the ability to interact appropriately with the general public (AR 196-97). Dr. Schirado concluded that plaintiff's mental RFC was as follows:

> Ability to understand, carry out and remember simple instructions:
> Depression with some lowering of motivation and cognition.
>
> Make simple, work-related judgements and decisions:
> Adequate self-care, ok taking care of kids. ok with $[.]
>
> Respond appropriately to supervision, coworkers and work situations:
> lowered social contacts, visits on phone daily. Reports ok with authority.
>
> Deal with changes in a routine work setting:

9

> ok food prep and simple chores. Shops. c/o lowered stress tolerance
> - no demands of complex tasks or work with public.

(AR 198).

The ALJ observed that plaintiff's testimony "did not support a finding of moderate limitations in activities of daily living as a result of her mental impairment;" rather, plaintiff claimed "that her activities of daily living are limited due to her alleged back pain" (AR 21). The ALJ further determined that plaintiff's testimony regarding her physical condition, set forth below, lacked credibility:

> The claimant's testimony is not credible. She claims that as a result of an epidural injection during a ceasarian delivery, she now suffers excruciating pain in her low back and right leg. The claimant rated her low back pain as an "8.5-9.5" on a pain scale of 1 to 10. The right lower leg pain and numbness is global, i.e., it is not consistent with any dermatome. In addition, she claims that this same incident produced tenderness on her right side; global numbness of her entire right upper extremity, including her hand; weakness of her left upper extremity; chronic pins and needles in both arms; and a burning sensation of both hands. She rated this pain as a "9" on the pain scale.

(AR 18).

The record reflects that the ALJ was faced with differing opinions regarding plaintiff's limitations and conflicting evidence as to whether those limitations were caused by a mental impairment or a physical impairment. It is the ALJ's function to resolve conflicts in the evidence and determine issues of credibility. *See Siterlet v. Secretary of Health and Human Servs.*, 823 F. 2d 918, 920 (6th Cir. 1987) (per curiam); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). Because Dr. Greenbaum examined plaintiff only once, he was not entitled to the special deference given to a treating source. *See* 20 C.F.R. § 404.1527(d). As a general rule, the Commissioner gives more weight to an examining medical source than a non-examining source. 20 C.F.R. § 404.1527(d)(1). However, an ALJ may also rely on the opinions of the state agency physicians who

reviewed plaintiff's file. *See* 20 C.F.R. § 404.1527(f)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004).

The ALJ did not adopt Dr. Greenbaum's conclusion that plaintiff could not engage in meaningful employment because his opinion was based in part upon plaintiff's alleged back pain, which the ALJ found to lack credibility (AR 21). Furthermore, as a psychologist, Dr. Greenbaum was not qualified to diagnose or evaluate plaintiff's physical condition. *See Buxton*, 246 F.3d at 775 (rejecting psychologist's opinion that the claimant could not maintain employment, because the opinion was based upon the claimant's underlying physical condition, which the psychologist was not qualified to diagnose). On the other hand, Dr. Schirrado's evaluation of plaintiff fell within the scope of his expertise as a psychologist. Under these circumstances, the ALJ could properly adopt Dr. Schirrado's evaluation of plaintiff's mental condition, which was limited to plaintiff's mental impairments.

### IV. Recommendation

Accordingly, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: June 11, 2010         /s/ Hugh W. Brenneman, Jr.
                             HUGH W. BRENNEMAN, JR.
                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).