UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA DENEEN BURNEY,

   Plaintiff,

v.

              CASE NO. 1:09-CV-303

              HON. ROBERT J. JONKER

MICHAEL J. ASTRUE,
Commissioner of Social Security

   Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 12) and Plaintiff Burney's Objections to it (docket # 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the Commissioner of Social Security's decision to deny Plaintiff's claim for disability insurance benefits be affirmed. Plaintiff raises two

objections, but neither of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation and orders that the Commissioner's decision be affirmed.

Plaintiff first objects that the Administrative Law Judge (ALJ) discounted the treating physician's opinions regarding Plaintiff's functioning and diagnosis. As the Magistrate Judge rightly noted, the treating physician's conclusions on whether Plaintiff could work or not were not binding on the ALJ. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 452 (6th Cir. 1986). The treating physician's opinions "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). Although the treating physician's opinions were favorable to Plaintiff, they were inconsistent with other evidence presented, including a 2004 MRI of Plaintiff's lower back, a 2005 psychiatrist report, and a 2006 physical consultative examination conducted by the Disability Determination Service. The Magistrate Judge was correct in finding that the ALJ articulated good reasons for not crediting the treating physician, including the frequency of examination and the absence of evidence supporting her conclusions. *See* 20 C.F.R. § 404.1527(d).

Plaintiff's second objection to the Report and Recommendation focuses on the weight given to the psychological evidence by both the Magistrate Judge and the ALJ. Before the ALJ were three psychological and psychiatric reports regarding Plaintiff's mental functioning. The opinion of Irwin Greenbaum, Ph.D., was based in part on Plaintiff's reports of pain. Because the ALJ found incredible Plaintiff's testimony regarding the intensity of her back pain, the ALJ did not adopt Dr. Greenbaum's opinion. *See Siterlet v. Secy's of Health & Human Servs.*, 127 F.3d 525, 531 (6th Cir. 1997) ("credibility determinations with respect to subjective reports of pain rest with the ALJ."). Instead, the ALJ found the opinion of William Schirrado, Ph.D., more credible, despite Dr. Schirrado

not being an examining source.  *See* 20 C.F.R. § 404.1527(d)(1).  Dr. Schirrado is a state agency medical consultant and expert in disability evaluations whose opinion the ALJ needed to consult. *See* 20 C.F.R. § 404.1527(f)(2)(i).  Further, Dr. Schirrado's opinion was not based on Plaintiff's pain allegations.  Even if this Court would have resolved the dispute differently, the determination of the Commissioner and the ALJ is supported by substantial evidence.  *See Young v. Sec'y of Health & Human Servs.*, 925 F.3d 146, 147 (6th Cir. 1990).

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 11, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:     September 20, 2010            /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE